# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL WALL, | : | |
| | : | Civil No. 3:11-CV-2003 |
| Petitioner | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| RONNIE HOLT, | : | |
| | : | |
| Respondent | : | |

_____

| | | |
|---|---|---|
| MITCHELL WALL, | : | |
| | : | Civil No. 3:12-CV-176 |
| Petitioner | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| RONNIE HOLT, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

In these two cases, Mitchell Wall, a federal prisoner housed at the United States Penitentiary, Allenwood, has filed *pro se* petitions for writ of habeas corpus. (Doc.1.) Wall's petitions arise out of frequently litigated claims made by the petitioner as a result of his 2002 conviction for a fatal drug overdose drug distribution in the United States District Court for the District of Maine.

Over the past decade Wall has made repeated efforts to avoid the consequences of this fatal misdeed, while also attempting to evade the limitations set by law on successive post-conviction petitions. These efforts began on August 17, 2000, when Wall was indicted in two criminal cases by a federal grand jury sitting in the United States District Court for the District of Maine. (Doc. 17, Ex. 1, Ex. 2,) alleged that Wall distributed cocaine, the use of which resulted in the death of another, after having been convicted of a felony drug trafficking offense, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). See also United States v. Wall, 349 F.3d 18, 20 (1st Cir. 2003). The second case alleged that Wall participated in a scheme to defraud Medicaid in connection with an alleged conspiracy to acquire and distribute Oxycodone, also known as Oxycontin, in violation of 18 U.S.C. § 1347 and 21 U.S.C. §§ 846, 841(b)(1)(C). United States v. Wall, 349 F.3d at 20.

In 2001, Wall was found guilty of all charges, and on June 27, 2002, Wall was sentenced to life imprisonment for his role in this lethal drug distribution, along with a term of supervised release for six years, a $400 special assessment, and $6,109.89 in restitution. On the same date, Wall was sentenced in the separate drug trafficking and health care fraud case to a concurrent sentence of 262 months imprisonment, to be served concurrently with the sentence of imprisonment imposed in Wall's drug overdose conviction, supervised release for six years, a $400 special assessment, and

$6,109.89 in restitution.

On July 3, 2002, Wall filed a Notice of Appeal of both criminal cases. In his direct appeal to the First Circuit Court of Appeals, Wall raised a host of evidentiary and sentencing issues, all of which were disposed of by the appellate court which affirmed Wall's conviction and sentence. Id. at 21-27. A petition for writ of certiorari to the United States Supreme Court was denied on March 29, 2004. See Wall v. United States, 541 U.S. 965 (2004).

Undeterred, on March 21, 2005, Wall filed a battery of petitions under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentences. (Doc. 19, Exs. 3, and 4.) In these petitions Wall advanced an array of new legal claims to avoid accountability for his fatal drug distribution, arguing ineffective assistance of counsel as well as "selective" prosecution, an unconstitutional search and seizure, the prosecution's failure to disclose evidence to the defense, and improper sentence enhancements under Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 544 U.S. 13 (2005), as well as assertions that the prosecution suborned perjury of a witness, the trial court "constructively amended" the indictment with its jury instruction, the trial court abused its discretion when it refused to grant the jury's request for a readback of a witness's testimony, the trial court made "materially false assumptions as to the constitutionality of the United States Sentencing

Guidelines" during sentencing. Finally, Wall insisted in the face of the evidence that he was actually and factually innocent "for the offense of 'distributing cocaine that caused the death' of the victim. The two § 2255 petitions were subsequently consolidated and on October 3, 2005, United States Magistrate Judge Margaret J. Kravchuk recommended that Wall's petitions be denied in their entirety, finding in part that Wall's sentence enhancement claims under Blakely and Booker were "unavailable." In reaching this result, the Court noted that Wall had failed to raise a claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000), the predecessor to Blakely and Booker. This recommendation was adopted by the District Court on November 14, 2005 and this judgment was affirmed by the United States Court of Appeals for the First Circuit on January 31, 2007. A petition for writ of certiorari was then denied by the Supreme Court on October 1, 2007, Wall v. United States, 552 U.S. 905 (2007), and Wall's petition for rehearing was denied by the Supreme Court on January 7, 2008. See Wall v. United States, 552 U.S. 1133 (2008).

With Wall's first §2255 petitions resolved in this fashion, Wall began to engage in more imaginative forays to successively litigate claims relating to his role in this drug overdose death. Thus, on September 11, 2007, Wall filed a motion under 28 U.S.C. § 2254 asking the federal trial court to review the Maine Superior and Supreme Courts' denial of three post-conviction petitions in an effort to overturn the three state

4

convictions which were used to enhance his federal sentence. (Doc. 19, Ex. 8 and 9.) This petition was denied on October 25, 2007, and an appeal to the United States Court of Appeals for the First Circuit was terminated on April 4, 2008. (Doc. 19, Ex. 11.) By same order, the appellate court also denied Wall's application for certificate of appealability as well as his request for authorization to file a second § 2255 motion, stating in clear and precise terms that:

> We have no doubt that this 28 U.S.C. § 2254 petition was correctly dismissed. The petitioner is serving his federal sentences; his state sentences have expired. He "therefore cannot bring a federal habeas petition directed solely at [the state] convictions." Lackawanna Cty. Dist. Atty. v. Coss, 532 U.S. 394, 401 (2001)." Nor can he challenge his federal custody with a petition intended for state prisoners. See § 2254(a); Steverson v. Summers, 258 F.3d 520, 523 (6th Cir. 2001). In the alternative, we deny the application as an implicit request for our authorization to file a second motion under 28 U.S.C. § 2255(h)(1). The petitioner has no "newly discovered evidence" within the meaning of that gatekeeper provision. He knew then, at the time of his first motion, essentially what he alleges now. In any event, we would not want to raise false hopes regarding any second § 2255 motion, which would be unlikely to satisfy an exception to the "general rule" of Daniels v. United States, 532 U.S. 374, 376, 382 (2001): "[i]f… a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant… may not collaterally attack his prior conviction through a motion under § 2255."

(Doc. 19, Ex. 11.) A petition for writ of certiorari to the Supreme Court was denied on October 6, 2008. See Wall v. Maine, 555 U.S. 877 (2008).

Wall then began a series of efforts to employ the general federal habeas corpus

statute, 28 U.S.C. §2241, as a vehicle to evade the limitations on successive §2255 petitions. On March 14, 2010, Wall filed a § 2241 habeas corpus petition in this Court challenging the Bureau of Prisons authority to set restitution payment schedules through its Inmate Financial Responsibility Program. (Doc. 19, Ex. 12.) The case was transferred to the District of Maine on October 28, 2010. (Id., Ex. 13.) In Maine, Wall's petition, which was aptly described by the Magistrate Judge as a "frivolous shot-in-the-dark," was denied on April 12, 2011. (Id., Ex. 14.) This judgment of the District Court was then affirmed by the United States Court of Appeals for the First Circuit on February 1, 2012.

Recognizing the plainly successive nature of his claims, on June 17, 2010, Wall also filed an Application for Leave to file a Second or Successive Motion to Vacate, Set Aside or Correct Sentence with the United States Court of Appeals for the First Circuit. (Id., Ex. 16.) This motion raised claims that closely parallel those now made before this court. Wall's first argument in support of his application was that he was unlawfully convicted and sentenced under 21 U.S.C. § 841(a)(1), (b)(1)(C) because "Title 21 § 841(a)(1), (b)(1)(C) does not apply to any cocaine as (b)(1)(A) and (b)(1)(B) as its plain language clearly states EXCEPT AS PROVIDED in (A)(B) and (D). This statute is defected jurisdictionally and is a manifest of injustice." Id. ¶ 10(a). Wall argued this claim to be "newly discovered evidence" because it took him "a very

long time to understand ["the United States Code of Procedure" book] as lawyers and judges do." Id. Wall's second ground for relief was that "the federal courts or government have no jurisdiction in cocaine cases under Title 21[U.S.C. §] 841(a)(1), (b)(1)(C). Plain language in (b)(1)(C) except as provided in A B and D. (b)(1)(C) is for Schedule I or II drug and omits cocaine." Id. ¶ 10(b).

On July 1, 2010, Wall's application to file a second or successive motion was denied and his proposed new grounds for relief were determined by the court of appeals to be both procedurally barred and frivolous. (Id., Ex. 17 .) On the following day, Wall filed a brief in support of his application. Wall's brief was construed as a petition for rehearing and was denied. (Id., Ex. 19.)

It is against this procedural backdrop that Wall has now filed the instant petitions which attempt to resurrect and relitigate these claims which have been rejected on multiple occasions in the past. On October 27, 2011, and January 31, 2012, Wall filed § 2241 petitions, which closely resembled his application for a second or successive § 2255 motion which was rejected by the First Circuit in 2010. In these petitions Wall argued that his underlying claims are not cognizable under § 2255(h) because "the claim is based on a substantive change in law created by the U.S. Supreme Court and recognized by all circuits." More specifically, based on Apprendi and United States v. O'Brien, 130 S. Ct. 2169 (2010), Wall contended that the conduct of which he has been convicted—distribution of cocaine (resulting in death)—arguably meets the exception

7

announced in In re Dorsainvil, 119 F.3d. 245 (3d Cir. 1997). Additionally, based on a retroactive application of the Supreme Court's decision in DePierre, Wall asserted that the sentencing court had "no authority to impose any sentence or conviction for a cocaine related offense" as the word "cocaine" is not 21 U.S.C. §841(b)(1)(C) and that he is "actually innocent of the greater inclusive offense of 'death.'"

We now recommend that this Court reject Wall's latest efforts to evade responsibility for the consequences of his lethal choice to distribute drugs that took the life of another.

## II. Discussion

### A. To The Extent That Wall Challenges His Conviction and Sentence in Another District This Petition Should Either Be Dismissed or Transferred and Treated As a Motion to Vacate Sentence Under 28 U.S.C. §2255

To the extent that Wall wishes to collaterally challenge his federal conviction in another district, we find that the petitioner has not made out a valid case for pursuing habeas relief in lieu of a motion to vacate sentence filed with the sentencing judge in that district under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, which rule also applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States

District Courts. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to vacate or correct a federal prisoner's sentence, would be appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the

legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion which is filed in the court of conviction "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Thus, it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)). Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their convictions or sentences must typically file motions under § 2255 in the court of conviction.

This general rule admits of only one, narrowly-tailored, exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241, in lieu of a motion under §2255, only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases

where petitioners have no other means of having claims heard). This exception is narrowly tailored. The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition may be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petitions simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available

only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. While Wall tries to cast his claim as one of actual innocence, Wall's petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Quite the contrary, Wall's claims fail for at several reasons:

First, Wall's actual innocence claim is itself something of a misnomer. Wall is not alleging that he was actually innocent of drug trafficking. Instead, he seems to be claiming that the government's proof of certain sentencing matters, such as the fatal consequences of that drug dealing, was inadequate, and therefore he should not have been subjected to the enhanced penalties that applied to distribution of cocaine base. Construed in this way, Wall's claims fail since it is well-settled that a convicted drug trafficker cannot belatedly secure relief under § 2241, after having been denied relief under § 2255, by asserting that, while guilty of drug trafficking, he is "actually innocent" of some specific sentencing enhancement applicable to that drug dealing. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement in a drug trafficking case. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d

Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006).

This principle applies with particular force to arguments like those made by Wall in these petitions which are premised upon the Supreme Court's decisions in Apprendi, Booker, or DePierre. For example, it is well-settled that " 'unlike the intervening change in the law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render ... the crime for which [a petitioner] was convicted, not criminal.' Okereke, 307 F.3d at 120; cf. Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir.2005) (applying principles governing approval of a second or successive § 2255 petition and holding that neither Blakely nor Booker contain directions indicating that a new, retroactive, rule of constitutional law was announced by the Supreme Court). Thus, the exception identified in In re Dorsainvil is simply inapplicable, and [a petitioner] may not seek relief under § 2241." Ramirez v. Williamson, 209 F. App'x 214, 216-17 (3d Cir. 2006)

Similarly, the court of appeals has rejected efforts to cast arguments, like the one advanced here by Wall, based upon the Supreme Court's decision in DePierre as the type of "factual innocence" which falls within the narrow exception recognized by Dorsainvil, to the general rule that §2255 is a federal prisoner's sole avenue of post-conviction relief. Yates v. Bledsoe, 12-2143, 2012 WL 4857779 (3d Cir. Oct. 15, 2012)(holding that a § 2255 motion is not "inadequate or ineffective" merely because

13

a petitioner cannot meet the stringent gatekeeping requirements of § 2255, and that a petition filed under § 2241 is not the proper means of raising <u>DePierre</u> claims and, therefore, the district court lacked jurisdiction to address them). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 is either ineffective or inadequate to enable Wall to test the legality of this aspect of his sentence.

Second, Wall's claim fails because the Supreme Court case he cites simply does not support any claim of actual innocence on his part. Wall contends that the Supreme Court's decision in <u>DePierre v. United States</u>, –U.S.– 131 S.Ct. 2225 (2011), somehow declared Wall actually innocent of distributing drugs and causing the death of another. <u>DePierre</u>, however, says no such thing and merely stands for the proposition that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." <u>DePierre v. United States</u>, –U.S.–, 131 S. Ct. 2225, 2237(2011). Thus, Wall's petition stems from a fundamental misreading of the <u>DePierre</u> decision, a misreading which has led other courts to expressly reject habeas petitions like the one advanced here, which attempt to frame an "actual innocence" claim around the broad statutory construction of the term "cocaine base" endorsed by the Supreme Court in <u>DePierre</u>. See, e.g., <u>Williams v. United States</u>, CV512-043, 2012 WL 2569080 (S.D. Ga. July 2, 2012)( "In <u>DePierre</u>, the Supreme Court determined that the term 'cocaine base' used in 21 U.S.C. § 841(b)(1), 'in its most natural reading of

14

the term' means 'cocaine in its base form' and includes 'crack cocaine, freebase, and coca paste.' —— U.S. —— at, 131 S.Ct. at 2231."); Wilson v. United States, 11-CV-1532, 2011 WL 6308907 (W.D. La. Nov. 29, 2011) report and recommendation adopted, 11-CV-1532, 2011 WL 6308440 (W.D. La. Dec. 16, 2011)(held, " the DePierre case actually held that the term 'cocaine base' as used in 21 U.S.C. § 841 includes *more* than just 'crack cocaine'. It includes *all forms* of 'base' cocaine, including crack, free base, or any other 'base' form of cocaine.")

Third, Wall's "actual innocence" claim fails because it rests upon a legally infirm premise. The keystone to this argument is Wall's insistence that the Supreme Court's decisions in DePierre, Booker and Blakely should all be applied retroactively to cases such as the petitioner's, which was tried to a conviction in 2002. The difficulty with this retroactivity claim is that it flies in the face of case law which uniformly agrees that: "Even if the holding in DePierre might lend support to [a habeas petitioner's] assertions, it is not retroactively applicable to cases on collateral review . . . . United States v. Crump, No. 706–cr–7–1, 2012 WL 604140, at *2 (W.D.Va. Feb.24, 2012); Williams v. United States, No. 9:11cv118, 2012 WL 214893, at *2 n. 1 (E.D.Tex. Jan.23, 2012); Ford v. Keller. No. 411–CV–718–Y, 2012 WL 112900, at *1 (N.D.Tex. Jan.5, 2012); and Wilson v. United States, No. 11–CV–1532, 2011 WL 6308907, at *3 (W.D.La. Nov.29, 2011); see also, In re Dean, 375 F.3d 1287, 1290 (11th Cir.2004)."Biggins v. Haynes, CV212-024, 2012 WL 2254588 (S.D. Ga. May

8, 2012) report and recommendation adopted, CV212-024, 2012 WL 2254385 (S.D. Ga. June 15, 2012). In fact, at least one federal court in Pennsylvania has already expressly adopted this view, stating that: "The Court notes, as should Defendant, that 'DePierre has not been recognized or declared a retroactively applicable Supreme Court decision.' Williams v. United States, 2012 WL 214893, at *2 (E.D.Tex.2010) (quoting Wilson v. United States, 2011 WL 6308907 (W.D.La. November 29, 2011); see also United States v. Drew, 2012 WL 2069657 (N.D.W.Va. June 8, 2012); United States v. Crump, 2012 WL 60410, *2 (W.D.Va. February 24, 2012) (noting that DePierre has not to date been made retroactive to cases on collateral review)." United States v. Solomon, 2:05-CR-0350, 2012 WL 2244830 (W.D. Pa. June 15, 2012). Similarly, it is clear that"[b]ecause Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005).

Thus, Wall's current habeas petitions advance legally infirm claims that have previously been fully adjudicated and seem explicitly premised on a notion of judge-shopping, a desire to re-litigate similar claims before different jurists. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and therefore this request must be rejected by this court. See Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Recognizing that this matter is not appropriately brought before this court as a habeas petition, we acknowledge that the petition could be dismissed in its entirety. In addition, we note that the petition could also be treated as a §2255 motion, and transferred to the sentencing judge for further consideration, so the district court which presided over Wall's initial conviction and sentence may also consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, in the past when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a conviction and sentence imposed by another federal district judge, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter are fully satisfied since such a transfer would promote the interests of justice. As we have previously noted when transferring other petitions to the sentencing court:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . .determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Further, we note that an order transferring this case to the sentencing judge as a §2255 motion also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the petition in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In closing one final observation seems appropriate. While legally bankrupt, Wall's various petitions display a certain moral conceit. Wall petitions this court

repeatedly seeking extraordinary relief because he is distraught over the impact of this conviction and sentence upon his life. But there were other lives effected by Wall's crime, the lives of Wall's deceased victim and the victim's family. Wall's victim was a person with hopes and dreams, who loved and doubtless was loved in return. The death of Wall's victim tore a hole in the fabric of some family, and left a wound that will never fully heal. We should not entertain Wall's belated requests to pursue meritless claims in a way which could compel the victim and the victim's family to endure the re-opening of these wounds.

In sum, in this case, Wall invites this court under the guise of a habeas petition to consider a question that is properly brought before another judge through a motion to vacate sentence under 28 U.S.C. §2255. We should decline this invitation, given that Wall has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Consequently, this Court should either dismiss this petition or transfer this petition to the sentencing judge so that court may address this matter as a motion under 28 U.S.C. §2255.

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the these petitions either be DISMISSED, or transferred to the United States District Court for

the District of Maine as a second and successive motion to vacate sentence pursuant to 28 U.S.C. §2255. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of April, 2013.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge