UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL WALL,
    Petitioner,
  v.
RONNIE HOLT,
    Respondent.

Civil No. 3:11-CV-2003

(Judge Kosik)

FILED
SCRANTON
DEC 1 - 2014

PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court is a Report and Recommendation filed by Magistrate Judge Martin C. Carlson on April 15, 2013 (Doc. 21). For the reasons which follow, we will adopt the recommendation of the Magistrate Judge and we will dismiss Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner, Mitchell Wall, an inmate confined at United States Penitentiary-Allenwood, White Deer, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 27, 2011. (Doc. 1)[1]. In his Petition, Petitioner challenges his convictions for drug related offenses in the United States District Court for the District of Maine. On June 20, 2012, the Respondent filed a Response to the petition for Writ of Habeas Corpus (Doc. 17). On July 16, 2012, Petitioner filed a Traverse (Doc. 20). On April 15, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 21), wherein he recommended that the Petition for Writ of Habeas Corpus be dismissed or transferred to the United States District Court for the District of Maine as a second or successive Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.

---

[1] We note that the instant Petition was consolidated with a Petition filed in action 12-CV-176 (Doc. 14).

On April 24, 2013, Petitioner filed a Motion for a 60-day extension of time to file Objections to the Report and Recommendation (Doc. 22), which was granted by the court (Doc. 23). On June 14, 2013, Petitioner filed a Motion to Stay the Petition (Doc. 24), asserting that a case pending before the United States Supreme Court involved the issues presented in his Petition[2]. On June 17, 2013, this Court granted Petitioner's motion to Stay (Doc. 25). On November 20, 2013, Petitioner filed a Motion for Extension of Time of sixty (60) days to file Objections to the Report and Recommendation following the Supreme Court's decision (Doc. 26). The motion was granted on November 21, 2013 (Doc. 27).

On February 7, 2014, this court lifted the stay and Petitioner was allowed sixty (60) days in which to file Objections to the Report and Recommendation (Doc. 29). On April 4, 2014, Petitioner was allowed an additional 45 days in which to file Objections to the Report and Recommendation (Doc. 31).

On May 12, 2014, petitioner filed a "Supplemental Supreme Court Authority in Light of Burrage v. United States, As It Effects The Proposed Finding of the Magistrate Judge's Report" (Doc. 32, p. 5)[3]. A Brief in Opposition was filed on September 3, 2014 (Doc. 39). Petitioner filed a Motion for Extension of Time to File Reply Brief (Doc. 40), Motion to Appoint Counsel (Doc. 41), and Motion for the Court to have Respondents Supply Case Law, Medical Examiner and Toxicologist Testimony and Docket Sheet (Doc. 42).

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to

---

[2] Petitioner referred to United States v. Burrage, _U.S._ 134 S. Ct. 881 (2014).

[3] We note that the Clerk's Office docketed Document 32 as a "Motion for Reappointment of Original Direct Appeal Attorney, Tina Schneider." Both the Motion for Counsel and Supplemental Authority were docketed to the same number.

which objections are made. 28 U.S.C. §636(b)(1)(C); see <u>Sample v. Diecks,</u> 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is <u>de novo</u>, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. <u>United States v. Raddatz,</u> 447 U.S. 667, 676 (1980); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

As we indicated above, Petitioner has a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 pending before this court. In the Report and Recommendation of the Magistrate Judge (Doc. 21), the Magistrate Judge sets forth Petitioner's extensive history in the District Court of Maine and the First Circuit Court of Appeals, including the direct history, motions filed pursuant to 28 U.S.C. §2255, and applications to file a second or successive petition.[4] The Magistrate Judge then discusses the law applicable to filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and the exceptional circumstance where a Petitioner is permitted to pursue relief under 28 U.S.C. §2241, in lieu of a motion under §2255. As to the exception, the Magistrate Judge stated:

> This general rule admits of only one, narrowly-tailored, exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241, in lieu of a motion under §2255, only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also <u>United States v.Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). This exception is narrowly tailored. The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." <u>Okereke v. United States</u>, 307 F.3d 120 (3d Cir. 2002) (citing <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." <u>Cradle</u>, 290 F.3d at 538-39 (citing <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." <u>Cradle</u>, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition may be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971). (Doc. 21, p. 10-11).

---

[4]<u>See</u>, Doc. 21, pp. 2-7.

The Magistrate Judge concluded that the representations made by Petitioner do not demonstrate that he is entitled to seek habeas relief under 28 U.S.C. §2241, on the grounds that a motion under 28 U.S.C. §2255 would be ineffective or inadequate. As we indicated above, the instant action is a consolidation of two petitions for writ of habeas corpus pursuant to 28 U.S.C. §2241. In the first Petition (11-CV-2003), Petitioner asserts that his claim "is based on a substantive change in law created by the U.S. Supreme Court and recognized by all circuits." Petitioner refers to Apprendi v. New Jersey, 530 U.S. 466 (2000) and argues that his claim falls within the exception announced in In re Dorsainvil, 119 F. 3d 245 (3d Cir. 1997). In the second petition (12-CV-176), Petitioner again argues that his claim "is based on a substantive change in law created by the U.S. Supreme Court and recognized by all circuits." In addition to raising an argument based on Apprendi, Petitioner cites to DePierre v. United States , _U.S._ 131 S. Ct. 2255 (2011), and argues that "DePierre is a statutory interpretation of Title 21 U.S.C. §841 and statutory interpretation is retroactive." The Petitioner asserts that DePierre makes 21 U.S.C. §841 an intent statute and that the elements in §841(a) must be found by a jury with the elements in §841(b). He also argues that the Sentencing Commission misinterpreted §841(b).

In addressing Petitioner's arguments, the Magistrate Judge disavowed Petitioner's claims of actual innocence, his attempts to rely on Apprendi and DePierre and their retroactive application, and his assertion that the Dorsainvil exception applies in the instant circumstances. The Magistrate Judge concluded that the Petitioner failed in his attempt to show that §2255 is inadequate or ineffective to test the legality of his conviction and sentence, and that his petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 should be dismissed.

In response to the Report and Recommendation of the Magistrate Judge, Petitioner requested several extensions of time to file Objections to the Report and Recommendation, as well as an opportunity to address the decision of the Supreme

Court in <u>Burrage v. United States</u>, _U.S._, 134 S. Ct. 881 (2014). As we indicated earlier, on May 12, 2014, Petitioner filed a document entitled "Motion for Reappointment of Original Direct Appeal Attorney Tina Schneider" (Doc. 32). Attached to his request for appointment of counsel, Petitioner filed "Supplemental Supreme Court Authority In Light of Burrage v. United States, As It Effects The Proposed Findings Of the Magistrate Judge's Report" (Doc. 32, p. 5). We directed Respondent to file a Response, which was filed on September 3, 2012 (Doc. 39).

In addressing Petitioner's Supplemental Authority, as the Magistrate Judge did in addressing Petitioner's consolidated petitions, the threshold issue is whether this court has jurisdiction to address Petitioner's claims pursuant to 28 U.S.C. §2241. In his Supplemental Authority, Petitioner argues that the Supreme Court opinions in <u>DePierre v. United States</u>, 131 S. Ct. 2225 (2011) and <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014), mandate that he is innocent of the greater inclusive offense of 21 U.S.C. §841(b)(1)(c), death, which resulted from use of cocaine, on the basis of a Supreme Court statutory interpretation. Petitioner asserts that this court has jurisdiction pursuant to 28 U.S.C. §2241 and §2255 Savings Clause, citing <u>In re Dorsainvil</u>, 119 F. 3d 245 (3d Cir. 1997). Specifically, Petitioner asserts that §2255 provides an inadequate or ineffective remedy to test the legality of the Petitioner's detention. He also argues that he should be permitted to raise the statutory construction decision in <u>Burrage</u> under 28 U.S.C. §2241. Finally, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.[5]

---

[5]Petitioner raises five Objections to the Report and Recommendation of the Magistrate Judge (Doc. 32, p. 22). In his Objections, Petitioner objects to the Magistrate Judge's characterization of Petitioner as a drug trafficker, the Magistrate Judge's finding that he is improperly challenging his conviction under §2241, the Magistrate Judge's "misaddressing" Petitioner's claim under the <u>DePierre</u> case, the Magistrate Judge's finding that Petitioner cannot meet the actual innocence test of <u>In re Dorsainvil</u>, and the Magistrate Judge's recommendation that the §2241 petition be transferred back to the original sentencing judge for the convenience of the parties. In his objections, Petitioner also makes references to the <u>Burrage</u> case, which was decided after the Report and Recommendation was issued. In light of our ruling, we do not believe it necessary to address Petitioner's specific objections.

As we indicated earlier, the crux of Petitioner's claim is based on recent decisions of the Supreme Court in <u>DePierre</u> and <u>Burrage</u>. Specifically, Petitioner is arguing that the Supreme Court decisions make the conduct of which he was convicted no longer a crime and that as a consequence, he is actually innocent of the charges. Petitioner also asserts that he is precluded from filing a second or successive petition under 28 U.S.C. §2255(e). Thus, he argues that §2241 is the proper avenue to seek relief.

In order for Petitioner to seek relief under §2241, certain conditions must be met, including a finding that §2255 is inadequate or ineffective to test the legality of his detention, that is, where a Petitioner is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and the Petitioner is otherwise barred from filing a second or successive §2255 motion. <u>In re Dorsainvil</u>, 119 F. 3d at 251-252. The determination whether Petitioner's claims fall within the purview of §2255 would be in a properly framed request to file a second or successive motion for relief under 28 U.S.C. §2255 in the Court of Appeals for the First Circuit, and not pursuant to a §2241 petition. Petitioner may be able to successfully obtain leave from the United States Court of Appeals for the First Circuit to file a second or successive motion for relief under §2255 with the United States District Court for the District of Maine.

This Court takes no position on whether Petitioner may be able to successfully obtain leave from the United States Court of Appeals for the First Circuit to file a second or successive motion for relief under § 2255 with the District Court of Maine. However, he must first seek leave to do so before attempting to present his claims in this Court via a § 2241 petition. There remains the possibility that the First Circuit Court of Appeals may permit Petitioner to file a successive § 2255 motion raising his instant claims. He simply cannot by-pass the requirements of § 2255 and pursue a § 2241 habeas petition in this Court. See, <u>Morsley v. Holt</u>, 2011 WL 1743501 (M.D.

Pa. May 3, 2011); Morsley v. Holt, 2014 WL 2941221 (M.D. Pa. June 30, 2014). For these reasons, the instant petition will be dismissed for lack of jurisdiction[6]. An appropriate order follows.

---

[6] The Motion for Extension of Time (Doc. 40), Motion for Appointment of Counsel (Doc. 41) and Motion for Respondents to Supply Case Law Copies, Medical Examiners and Toxicologist Testimonies (Doc. 42) will be denied as moot.